UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE MACLAY, as Personal Representative of the Estate of Lia Christine Hawkins, deceased.<br><br>Plaintiff,<br><br>LUNDE MARINE ELECTRONICS, INC.,<br>Plaintiff in Intervention,<br><br>v.<br><br>M/V SAHARA, IMO No. 6600826, her engines, tackle, rigging, equipment and other appurtenances, in rem; and G SHIPPING LTD.,<br><br>Defendants. | CASE NO. C12-512-RSM<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY, PERMIT INSPECTION, AND SANCTIONS |

This matter comes before the Court on plaintiff's motion to compel discovery (Dkt. # 30), motion to permit inspection of the vessel (Dkt. # 32), and motion for sanctions (Dkt. # 41). For the reasons stated below, the Court Grants each motion.

Plaintiff brought this maritime survival and wrongful death suit against the M/V SAHARA and G Shipping after the death of Ms. Hawkins on October 21, 2012. Ms. Hawkins

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY, PERMIT INSPECTION, AND SANCTIONS - 1

was an employee of G Shipping, the owner of the SAHARA (the Vessel). The Vessel is a former oceanographic research vessel that G Shipping began converting into a luxury yacht. Plaintiff alleges that Ms. Hawkins died after falling from the Vessel. She alleges that Ms. Hawkin's fall resulted from the Vessel's unseaworthiness and G Shipping's negligence. The Court arrested the Vessel on March 27, 2012, and appointed Jeff Osborn as substitute custodian. Dkt. # 7. Plaintiff's three motions relate to discovery disputes between the plaintiff and G Shipping. Ultimately, plaintiff asks the Court to grant partial default judgment against G Shipping for its continued discovery misconduct in this case.

## I. BACKGROUND

During their rule 26(f) conference on April 18, 2012, the parties agreed that initial disclosures would be exchanged two weeks after G Shipping retrieved any files and records still aboard the Vessel. Dkt. # 41, p. 3. The Court granted the parties' stipulated motion to permit G Shipping's inspection of the Vessel on May 16, 2012. Dkt. # 23. G Shipping completed its inspection on May 21, 2012, and plaintiff sent initial disclosures on June 4, 2012, in accordance with the agreement. *See* Dkt. # 31-1, p. 2-3. G Shipping sent its disclosures late. *Id.* at 6. Plaintiff contends that G Shipping provided either incomplete or minimally complete, and unverified responses to plaintiff's interrogatories and requests for production. Between the months of July and September, G Shipping trickled responsive documents to plaintiff's counsel after numerous prodding emails and discovery conferences, and a motion to compel. *See* Dkt. # 46, pp. 4-6, & 47. G Shipping argued in its August 6, 2012 response brief that its incomplete production resulted from burdensome constraints on its ability to access and cull through files and documentation. Dkt. # 35, pp. 1-3. It is unclear as of the date of this Order whether complete responses to discovery requests have yet been produced by G Shipping.

1   Plaintiff also attempted to schedule a Rule 30(b)(6) deposition of G Shipping's sole
2   corporate officer, Mr. Garosci.  Despite multiple attempts to schedule a mutually convenient time
3   and place, Plaintiff's counsel notified G Shipping three weeks in advance that the deposition
4   would be held at counsel's Seattle office on September 13, 2012.  On September 12, 2012,
5   defense counsel sent an email stating "Just a note to all. G Shipping will not be producing a
6   30(b)(6) witness tomorrow . . . ." Dkt. # 42-1, p. 10.  As of this Order, the parties continue in
7   their attempts to schedule a firm date for Garosci's deposition. Dkt. # 45-1, p. 2.
8   The discovery deadline is set for November 23, 2012, and plaintiff argues that she has
9   been unfairly prejudiced by G Shipping's continued discovery delays.  She contends that G
10  Shipping's behavior warrants severe sanctions, and asks the Court to award default judgment
11  against G Shipping as to liability.

## II. ANALYSIS

Federal Rule of Civil Procedure 37 provides the court a variety of options for sanctioning parties that abuse the discovery process.  Under subsection (a)(3)(A), "[i]f a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37 (a)(3)(A).  Additionally, subsection (d)(1)(A)(i) permits sanctions where "a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

**A.  Motion to Compel Discovery**

Plaintiff requests an order compelling Defendants to (1) verify interrogatory answers "under oath" as required by Fed. R. Civ. P. 33(b)(3); (2) answer numerous discovery requests and produce responsive documents or certify that none exist; and (3) produce the CV of G

Shipping's CEO, Mr. Garosci. Despite multiple discovery conferences, G Shipping did not provide verified interrogatories, or fully answer plaintiff's discovery requests.

1. Verification

Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Defendant does not contest that its responses to plaintiff's interrogatories lacked verification. To the extent that defendant has not verified its discovery responses, it is ordered to do so.

2. Deficient Responses

Plaintiff requested, in Supplemental Interrogatory 8, the dates that Mr. Garosci visited the Seattle area beginning in 2009. Defendants did not produce any dates despite telling plaintiff's counsel that Mr. Garosci maintains a business calendar from which those dates could be derived. Defendant offered no reason for why it failed to produce the dates requested.

Plaintiff also challenged the responses provided for RFP 7, 8, 12, 21-33, 38-42, and 50-58 as insufficient. Defendant answered each response, but failed to identify responsive documents in each answer. While defendant argues that obtaining relevant documents from the Vessel was burdensome between May and June, defendant has since obtained and reviewed all such documents. As it is now October, there is no excuse for failing to identify and produce documents specific to plaintiff's production requests. To the extent that responses have not yet been produced, defendant is ordered to produce all responsive information in its possession or state that it has no responsive documents.[1]

---

[1] The Court notes that G Shipping asserts in its opposition brief for plaintiff's motion for sanctions that the production deficiencies have since been resolved. *See* Dkt. # 44, p. 3. The Court cannot discern from the record whether all deficiencies have been resolved to date and issues this order to address any still outstanding deficiencies.

ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY, PERMIT INSPECTION, AND SANCTIONS - 4

### 3. Mr. Garosci's CV

Mr. Garosci is the principal of G Shipping Ltd. and Plaintiff requested his CV. Defendant replied that while Mr. Garosci has at least one CV, none contain relevant information concerning the Vessel project or other issues in this case. Plaintiff seeks information about Mr. Garosci to determine whether he possessed any experience related to ship conversion projects and to prepare for taking his deposition. This information is entirely relevant and defendant is ordered to produce Mr. Garosci's CV or résumé.

### B. Motion to Permit Inspection of the Vessel

Plaintiff seeks permission from the Court to inspect the Vessel to prepare this case for trial pursuant to the Court's March 27, 2012 order. Dkt. # 7. The parties agree that inspections will be necessary; they agree that inspections may be performed on reasonable notice to the substitute custodian; and they agree that each individual intending to board the Vessel must execute a valid Waiver and Release of Liability form. However, they have been unable to agree on whether G Shipping should be permitted to verify that valid release forms were indeed executed. The substitute custodian averred that he possesses insurance "to respond to damages for loss or injury to the defendant Vessel or for damages sustained by third parties due to any acts, faults, or negligence by the substitute custodian." Dkt. # 7, p. 2. Such insurance should guard against defendant's concerns. The Court grants the motion to permit inspection.

### C. Motion for Sanctions

G Shipping failed to attend its Rule 30(b)(6) deposition and plaintiff requests default judgment on liability as a sanction. The district court has discretion to award Rule 37 sanctions. However, where the court imposes the drastic sanction of partial default or dismissal, the "range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault

or bad faith." *Henry v. Gill Industries*, 983 F.2d 943, 946 (9th Cir. 1993) (*quoting Fjelstad v. American Honda Motor Co.*, 762 F.2d 13334 (9th Cir. 1985)).  To award the harsh penalty of default judgment, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of the case on its merits; and (5) the availability of less drastic sanctions. *Id.* at 948.  Because factors one and two generally cut in favor of dismissal and factor four cuts against dismissal, courts consider prejudice and the availability of lesser sanctions as the key analytical factors. *Id.* (*citing Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

      For the first key factor, G Shipping contends that plaintiff suffers no prejudice by Mr. Garosci's failure to appear as G Shipping's 30(b)(6) deponent because Mr. Garosci lacks any specific knowledge about the circumstances surrounding Ms. Hawkin's death.  This argument is not persuasive.  Mr. Garosci is G Shipping's only principle.  Plaintiff asserts negligence claims against G Shipping and is entitled to depose an officer of G Shipping to probe the circumstances and conditions of Ms. Hawkins employment, whether G Shipping adhered to its obligation to provide a safe working environment, and how the company authorized and monitored the conversion project.  G Shipping offered no alternative officer for a 30(b)(6) deposition and in fact negotiated, and continues to negotiate a date for Mr. Garosci's deposition.  If G Shipping wanted to contest the deposition, it could and should have made a motion for a protective order, the merits of which could be argued by the parties.  It did not take the opportunity to do so.

      Moreover, G Shipping fails to consider the cumulative effect of continued discovery delays on plaintiff's ability to prepare her case.  It contends that any prior discovery production delays are irrelevant to plaintiff's instant motion for sanctions.  The Court disagrees. *In Adriana*

*Int'l Corp. v. Thoeren*, 913 F.2d 1406, (9th Cir. 1997) the court stated: "[plaintiff] argues that all of the misconduct outlined above cannot be considered as a whole in determining whether the sanctions were proper. In evaluating the propriety of sanctions, we look to all incidents of a party's misconduct." *Id.* at 1411. Besides the instant motions, plaintiff first filed a motion for default to compel G Shipping to answer the complaint. Dkt. ## 25, 28. G Shipping does not deny that it provided delinquent and incomplete discovery responses. It does not deny that it failed to request a protective order, timely or otherwise. As the discovery deadline rapidly approaches and plaintiff is without the benefit of complete discovery, G Shipping's pattern of dilatory responses prejudices plaintiff's ability to fully prepare this case for trial. Thus, the prejudice factor favors dismissal.

  The second key factor, however, does not favor dismissal. The Court has not yet compelled G Shipping to respond to discovery requests or produce a 30(b)(6) deponent. G Shipping has yet to violate an order of the Court. Under these circumstances a lesser discovery sanction is more appropriate. Should G Shipping fail to make Mr. Garosci available for deposition or fail to fully comply with discovery requests within the time frame set by the Court, the Court may then impose the drastic sanction of default judgment. *See Stars' Desert Inn Hotel & Country Club, Inc. v. Hwang*, 105 F.3d 521, 524-525 (9th Cir. 1997) (finding default judgment appropriate after warnings and less drastic sanctions were imposed). Accordingly, the Court grants plaintiff's motion to compel G Shipping to produce complete responses to all of plaintiff's outstanding discovery requests within fourteen (14) days of this Order. It also orders G Shipping to make Mr. Garosci available for deposition within fourteen (14) days of this Order. The Court will not enter partial default judgment, but will grant the motion for sanctions and impose the lesser sanction of fees and expenses incurred for bringing the motion. Because the Court must

grant fees and expenses when it grants a motion to compel under Rule 37(a)(5)(A), or when requested discovery is provided after the filing of a motion to compel, plaintiff is to submit a calculation for fees and expenses incurred for bringing both the motion to compel and the motion for sanctions within thirty (30) days of this Order.

## III. CONCLUSION

Having reviewed plaintiff's motions, the responses and replies thereto, all attached exhibits and declarations, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Compel Discovery (Dkt. # 30) is GRANTED.

(2) Plaintiff's Motion to Permit Inspection (Dkt. # 32) is GRANTED.

(3) Plaintiff's Motion for Sanctions (Dkt. # 41) is GRANTED

(4) Defendant is ordered to fulfill any outstanding discovery requests and make Mr. Garosci available for deposition within fourteen (14) days of this Order.

(5) Plaintiff is to submit a bill for fees and expenses incurred in bringing the motion to compel and motion for sanctions within thirty (30) days of this Order.

Dated this 17th day of October 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE