UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE MACLAY, as Personal Representative of the Estate of Lia Christine Hawkins, deceased. | CASE NO. C12-512-RSM |
| Plaintiff, | ORDER ON PLAINTIFF'S  MOTION FOR  ATTORNEYS' FEES AND EXPENSES |
| LUNDE MARINE ELECTRONICS, INC., | |
| Plaintiff in Intervention, | |
| v. | |
| M/V SAHARA, IMO No. 6600826, her engines, tackle, rigging, equipment and other appurtenances, in rem; and GSHIPPING LTD., | |
| Defendants. | |

This matter comes before the Court upon Plaintiff's Motion for Attorneys' Fees and Expenses (Dkt. # 53). The Court grants Plaintiff's motion.

# I.   BACKGROUND

On October 17, 2012, this Court granted Plaintiff's Motion to Compel Discovery, Plaintiff's Motion to Permit Inspection, and Plaintiff's Motion for Sanctions. Dkt. # 48. The Court also authorized Plaintiff to submit a bill for attorneys' fees and expenses incurred in having to bring the motion to compel discovery and the motion for sanctions. *Id.* at 8. Plaintiff subsequently filed a motion requesting $21,900.00 in attorneys' fees and expenses. Dkt. # 53. Defendants oppose the amount of fees requested by Plaintiff. Dkt. # 55.

# II.   DISCUSSION

When a motion to compel is filed as a result of a discovery dispute, Rule 37(a)(5)(A) requires that sanctions in the form of "reasonable expenses" including attorney fees be awarded against the party and attorney whose conduct necessitated the discovery motion. Fed. R. Civ. P. 37(a)(5)(A).  The presumption in favor of such awards serves a "deterrent function by discouraging unnecessary involvement by the court in discovery." *Marquis v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir.1978).

In calculating reasonable attorney fees, courts use a "hybrid lodestar / multiplier approach." *McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999). The court must first determine the "lodestar" figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.*  The court may then apply a "multiplier" to raise or lower the lodestar amount based on the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).[1]  "The party seeking fees bears the burden of documenting the hours

---

[1] The *Kerr* factors include the following: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill required, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee as fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case,

1    expended in the litigation and must submit evidence supporting those hours and the rates

2    claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley v.*

3    *Eckerhart*, 461 U.S. 424, 433 (1983)). The non-moving party has the "burden of rebuttal" that

4    requires submission of evidence challenging the accuracy and reasonableness of the hours

5    charged. *Gates v. Deukmejian,* 987 F.2d 1392, 1397-98 (9th Cir.1992).  Although Defendants

6    completely fail to meet their burden of rebuttal, the Court will nevertheless address the

7    reasonableness of the fees related to Plaintiff's motion to compel discovery and motion for

8    sanctions.

9        1.  Hourly Rate Charged

10           The calculation of the amount of reasonable attorney's fees pursuant to Rule 37(a)(5)(A)

11   "is not a precise science." *Jordan v. Multnomah County,* 815 F.2d 1258, 1262-63 (9th Cir. 1987).

12   A reasonable hourly rate, however, can be easily indicated by the prevailing market rate in the

13   community. *Id.*  Accordingly, the fee applicant has the burden of producing satisfactory evidence

14   that the requested rates are in line with those prevailing in the community for similar services. *Id.*

15   at 1263.  If the applicant satisfies its burden, the rate is presumed to be the reasonable. *Id.*

16   Plaintiff contends that Ms. Levin, Mr. Wilner, and Mr. Stahl's respectively hourly rates of $250,

17   $350, and $375 are "reasonable and consistent with the rates charged in the Seattle community

18   for like services." Dkt. # 54, p. 6.  Defendants do not challenge the reasonableness of the hourly

19   rates charged by Plaintiffs' attorneys. *See* Dkt. # 55.  Therefore, in the absence of contesting

20   evidence, the Court finds that the aforementioned hourly rates are reasonable as the lawyers

21   performed at the level of expertise that would command such rates.

22

23   _____

24   (11) the nature and length of the relationship with the client, and (12) awards in similar cases.
     526 F.2d at 70.

ORDER ON PLAINTIFF'S  MOTION FOR  ATTORNEYS' FEES AND EXPENSES - 3

1    2.  <u>Hours Expended</u>

2        The party seeking fees bears the burden of submitting detailed records justifying the

3    hours claimed. *Welch*, 480 F.3d at 945-46.  The Court has a great deal of discretion in

4    determining the reasonableness of the hours claimed, but it must exclude from the lodestar

5    calculation those hours that are "excessive, redundant, or otherwise unnecessary." *Hensley v.*

6    *Eckerhart*, 461 U.S. 424, 434 (1983).

7        The Court instructed Plaintiff to submit a calculation for fees and expenses incurred for

8    bringing both the motion to compel and the motion for sanctions. Dkt. #48.  Plaintiff submitted

9    the required records and seeks fees for a total of 61.7 hours.[2]  *See* Dkt. # 54.  Defendants

10   specifically dispute the reasonableness of the amount of time spent by Plaintiff's counsel

11   preparing  the motion for sanctions and subsequent reply brief. Dkt. # 55, p.1.  Defendants,

12   however, have not proposed what they consider to be a reasonable number of hours required to

13   complete such work.  Instead, they simply request that the Court "reduce to more accurately

14   reflect reasonable time plausibly spent by plaintiff's counsel." *Id*. at 3.

15       In support of their request to reduce the number of hours claimed by Plaintiff, Defendants

16   question the "plausibility and reasonableness" of Mr. Wilner expending in excess of seven hours

17   on September 13, 2012 preparing the motion for sanctions. *Id*. at 2-3.  Defendants contend that

18   on September 13, 2012, counsel could not have worked more than seven hours because they

19   participated in a Rule 37 telephone conference with Defendants' counsel from 9:00 a.m. to 10:20

20   a.m. and the motion for sanctions was filed at 5:20 p.m. Dkt. # 55, p. 2.  The Court disagrees

21   with Defendants and notes that their argument lacks merit as it is based on the assumption that

22

23   ────────────────

24   [2] 12.6 hours for the First Rule 37 Conference; 8.8 hours for the Motion to Compel Discovery; 7.4 hours for the
     Reply in Support of Motion to Compel; 2.7 hours for the Second Rule 37 Conference; 23.1 hours for the Motion for
     Sanctions; and 12.5 hours for the Reply in Support of Motion for Sanctions.

     ORDER ON PLAINTIFF'S  MOTION FOR  ATTORNEYS' FEES AND EXPENSES - 4

1    on September 13, 2012, Plaintiff's counsel started working on the motion for sanctions *after* the

2    telephone conference ended.

3        Defendants further contend that Mr. Wilner's billing entry for September 13, 2012 is

4    unreasonable because part of the 8.3 hours was spent finalizing discovery responses (time that is

5    not applicable to the calculation of the fees Plaintiff is entitled to). Dkt. # 55, p. 3.  In response,

6    Plaintiff explains that the "discovery responses had already been substantially completed by

7    September 13, 2012 and required very little time to finalize and serve." Dkt. # 57, p. 3. While the

8    Court acknowledges that "block billing makes it more difficult to determine how much time was

9    spent on particular activities," the Court finds that, however divided, 8.6 hours—over two

10    days—is a reasonable amount of time to spend on a motion. *Welch,* 480 F.3d at 948.

11    Furthermore, Defendants' speculative argument implies that Mr. Wilner computed his entire

12    September 13, 2012 workday (8.3 hours) in the total number of hours (8.6) it took him to

13    complete the motion for sanctions.  Even though Mr. Wilner did not provide the Court with a

14    detailed description of the time spent on specific tasks, his billing entry makes it clear that he

15    spent 8.6 hours over two days (September 12 and 13) working on the motion for sanctions,

16    leaving plenty of room to complete other tasks unrelated to this matter.

17        Defendants also contend that the hours spent were excessive because, in addition to the

18    8.3 hours submitted for Mr. Wilner on September 13, 2012, another 9.3 hours were submitted for

19    Mr. Stahl. Dkt. # 55, p. 3.  Defendants offer no reasonable basis to criticize Plaintiff's use of two

20    attorneys to share a fair division of work.  The Court will not arbitrarily reduce attorney fees for

21    time spent by the attorneys conferring with one another.  Instead, based upon the totality of the

22    circumstances, the Court finds that counsels' expenditure of  23.1 hours to research and write a

23    fourteen page motion for sanctions, a five page proposed order, and an eight page declaration in

24    support of the motion is more than reasonable. Similarly, the Court finds that 12.5 hours was a

1  reasonable amount of time spent by Plaintiff's counsel to prepare a nine page reply and a twelve

2  page support declaration.  Consequently, the Court finds that the lodestar amount for the motion

3  for sanctions and for the reply in support of the motion is $8,197.50[3] and $4,532.50,[4]

4  respectively.

5          Defendants do not explicitly contest the amount of time spent by Plaintiff's counsel on

6  the other tasks.  The Court finds that the number of hours expended by Plaintiff's counsel on all

7  other uncontested tasks involving the motion to compel and the motion for sanctions (First Rule

8  37 Conference,[5] Motion to Compel,[6] Reply on Motion to Compel,[7] and Second Rule 37

9  Conference[8]) are reasonable.  After considering each task individually, the Court finds that the

10

11

12  _____

13  [3] Ms. Levine spent 2.0 hours on the motion at an hourly rate of $250.00, Mr. Wilner spent 8.6 hours at an hourly rate of $350.00, and Mr. Stahl spent 12.5 hours at an hourly rate of $375.00. Dkt. # 54. Therefore, the lodestar amount for the motion is 8,197.50. {[(2 x $250.00) + (8.6 x $350.00) + (12.5 x $375)] = $8,197.50}.

15  [4] Mr. Wilner spent 6.2 hours on the reply at an hourly rate of $350.00 and Mr. Stahl spent 6.3 hours at an hourly rate of $375.00. Hence, the lodestar amount for the reply is $4,532.50. {[(6.2 x $350.00) + (6.3 x $375)] = $4,532.50}.

16  [5] First Rule 37 Conference: The Court finds that 7.2 hours is a reasonable amount of time for three attorneys to write a letter, prepare and hold a discovery conference. Mr. Wilner spent 4.7 hours on the conference at an hourly rate of $350.00 and Mr. Stahl 2.5 hours at an hourly rate of $375.00. Dkt. # 54. As a result, the lodestar amount for the conference is $2,585.50. {[(4.7 x $350.00) + (2.5 x $375)] = $2,582.50}.

18  [6] Motion to Compel: The Court finds that 8.8 hours is a reasonable amount of time for two attorneys to spend preparing a thirteen page motion to compel. Ms. Levine spent 1.1 hours on the motion at an hourly rate of $250.00, Mr. Wilner spent 7.5 hours at an hourly rate of $350.00, and Mr. Stahl spent 0.2 hours at an hourly rate of $375.00. Dkt. # 54. Consequently, the lodestar amount for the motion to compel is $2,975.00. {[(1.1 x $250.00) + (7.5 x $350.00) + (0.2 x $375)] = $2,975.00}.

21  [7] Reply in Support Motion to Compel Discovery: The Court finds that 7.4 hours is a reasonable amount of time for two attorneys to spend on reviewing Defendant's response, preparing a seven page reply, and a four page supplemental declaration. Mr. Wilner spent 5.5 hours on the reply at an hourly rate of $350.00 and Mr. Stahl 1.9 hours at an hourly rate of $375.00. Dkt. # 54. Therefore, the lodestar amount for the reply is $2,637.50. {[(5.5 x $350.00) + (1.9 x $375)] = $2,637.50}.

23  [8] Second Rule 37 Conference: The Court finds that 2.7 hours is a reasonable amount of time for two attorneys to prepare and attend a discovery conference. Mr. Wilner spent 1.5 on the reply at an hourly rate of $350.00 and Mr. Stahl spent 1.2 hours at an hourly rate of $375.00. Dkt. # 54. Thus, the lodestar amount for the conference is $975.00. {[(1.5 x $350.00) + (1.2 x $375)] = $975.00}.

1   total lodestar amount for all the above mentioned tasks for which Plaintiff is entitled to fees is

2   $21,900.00.[9]

3                                    **II. CONCLUSION**

4        Having considered Plaintiffs' Motion for Attorneys' Fees and Expenses (Dk. # 53),

5   Defendants' Opposition to Amount of Fees Requested in Plaintiff's Motion (Dkt. #55), and the

6   remaining record, the Court hereby GRANTS Plaintiff's Motion for Attorneys' Fees and

7   Expenses (Dk. # 53) and awards Plaintiff the requested $21,900.00 in attorneys' fees related to its

8   reasonable efforts to obtain rightful discovery pursuant to Rule 37(a)(5)(A). Absent good cause

9   shown, Defendants shall pay the attorneys' fees award in full within thirty (30) days of this Order

10  or additional sanctions may be imposed. The Clerk is directed to forward a copy of this Order to

11  the parties and all counsel of record.

12        DATED this  14th day of December 2012.

13

14                                        RICARDO S. MARTINEZ
15                                        UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

---

[9] Total lodestar amount: $8,197.50 + $4,532.50 + $2,582.50 + $2,975.00 + $2,637.50 + $975.00 = $ 21,900.00