UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JULIE MACLAY, as Personal Representative of the Estate of Lia Christine Hawkins, deceased. | CASE NO. C12-512-RSM |
| Plaintiff, | ORDER ON DEFENDANTS' MOTIONS IN LIMINE |
| LUNDE MARINE ELECTRONICS, INC., | |
| Plaintiff in Intervention, | |
| v. | |
| M/V SAHARA, IMO No. 6600826, her engines, tackle, rigging, equipment and other appurtenances, in rem; and G SHIPPING LTD., | |
| Defendants. | |

The Court, having considered Defendants' motions in limine (Dkt. # 87), the responses thereto, and the balance of the file, does now find and ORDER:

1. **Motion to strike Plaintiff's presenting cumulative and duplicative witnesses at trial**

   DENIED

ORDER ON DEFENDANTS' MOTIONS IN LIMINE - 1

**2. Motion to strike James Ihler as a witness at trial**

DENIED

**3. Motion to preclude or limit the testimony of Robert Moss at trial is**

DENIED

**4. Motion to exclude the testimony of Dr. Richard Cummins**

DENIED

**5. Motion to exclude the King County Medical Examiner's Report**

DENIED

**6. Motion to reinstate Defendants' comparative negligence defense**

DENIED

**7. Motion to exclude G Shipping, Ltd.'s Form 2692 report to the United States Coast Guard**

DENIED

**8. Motion to strike Plaintiff's claims for unseaworthiness**

MOOT. Claim withdrawn by Plaintiff.

**9. Motion to strike Plaintiff's claim for punitive damages**

DENIED

**10. Motion to strike Plaintiff's claim *in rem* against the M/V SAHARA**

DENIED. Defendants did not satisfy the meet and confer requirement for this motion in limine. LCR 7(d)(4). Defendants contend that because the Court determined on summary judgment that the Vessel was not "in navigation" for purposes of determining Jones Act seaman status, the Vessel is therefore a "dead ship," which divests the Court of *in rem* admiralty jurisdiction. Defendants have consistently taken the contrary position that the

1  Vessel is a "live ship" throughout this litigation.  *See, e.g.*, Dkt. # 73, p. 9. Under the Federal

2  Maritime Lien Act ("FMLA"), a plaintiff may maintain a maritime tort lien against a vessel.

3  A "vessel" under the FMLA (which adopts the definition set forth in 1 U.S.C. § 3) "includes

4  every description of water craft or other artificial contrivance used, or capable of being used,

5  as a means of transportation on water." 1 U.S.C. § 3; *Pleason v. Gulfport Shipbuilding Corp.*,

6  221 F.2d 621, 623 (5th Cir. 1955). Here, the Vessel was afloat. It was capable of being

7  towed. And in fact Defendants contend that it operated under its own power in 2009. Dkt. #

8  79, p. 9. Accordingly, the Vessel was not a "dead ship." Plaintiff's claim for a maritime lien

9  arising out of a maritime tort is properly asserted.

10

11      Dated this 5th day of April 2013.

12

13

14

                              RICARDO S. MARTINEZ
15                            UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTIONS IN LIMINE - 3