UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JULIE MacLAY, as Personal Representative of the Estate of Lia Christine Hawkins, deceased,<br><br>Plaintiff,<br><br>LUNDE MARINE ELECTRONICS, INC.,<br><br>Plaintiff in Intervention,<br><br>v.<br><br>M/V SAHARA (ex OCEANOGRAPHER), IMO No. 6600826, her engines, tackle, rigging, equipment and other appurtenances, in rem; and G SHIPPING LTD., a foreign corporation organized and existing under the Laws of Malta,<br><br>Defendants. | AT LAW AND IN ADMIRALTY<br><br>NO. C12-512 RSM<br><br>ORDER AWARDING PREJUDGMENT AND POST-JUDGMENT INTEREST, ENTERING JUDGMENT *IN REM*, AND ORDERING FORECLOSURE SALE OF VESSEL |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Award of Prejudgment and Post-Judgment Interest, Entry of Judgment *In Rem*, and Order of Sale. Dkt. # 130. On April 5, 2013, the Court entered a Pretrial Order providing, *inter alia*, that the calculation and award of prejudgment interest, the status and priority of Plaintiff's maritime tort lien, and issues relating to foreclosure and sale of the M/V SAHARA (the "Vessel") are reserved for resolution post-trial.

ORDER AWARDING PREJUDGMENT AND POST-
JUDGMENT INTEREST, ENTERING JUDGMENT *IN REM*,
AND ORDERING FORECLOSURE SALE OF VESSEL - 1
No. C12-512 RSM

Dkt. # 112, p. 11. On April 19, 2013, the jury rendered a verdict in favor of Plaintiff for compensatory damages in the amount of $3,450,000.00. Dkt. # 126. The Court then entered judgment in favor of Plaintiff and against Defendants for the same amount on that date. Dkt. # 127. Defendants appealed. Dkt. # 136.

Plaintiff now seeks (1) an award of prejudgment interest in the amount of 8% per annum, (2) an award of post-judgment interest at the statutory rate of .12%, (3) an award of judgment *in rem* against the M/V SAHARA, IMO No. 66000826, its engines, tackle, rigging, equipment and other appurtenances in the full amount of Plaintiff's verdict, plus prejudgment and post-judgment interest as provided by law, (4) a declaration that Plaintiff's judgment *in rem* constitutes a preferred maritime tort lien against the Vessel, superior in rank and priority to all other liens, claims, and encumbrances against the Vessel whatsoever, with the exception of *custodia legis expenses*, (5) an order that Plaintiff's preferred maritime lien be foreclosed and the Vessel condemned and sold by the U.S. Marshal, with the proceeds to be applied first to pay or reimburse expenses of *custodia legis* and then to pay Plaintiff's judgment in rem, and (6) an order granting Plaintiff the right to establish a minimum bid price for the Vessel at the Marshal's sale, at its discretion, and further granting Plaintiff the right to bid all or any portion of its judgment *in rem* as a credit bid in lieu of cash at the sale. Dkt. # 130, pp. 1-2.

Defendants oppose Plaintiff's motion only with respect to an award of prejudgment interest and execution of the judgment. They contend that Plaintiff is not entitled to prejudgment interest and they request, pursuant to Fed. R. Civ. P. 62(d), that the Court stay execution of the judgment pending appeal and accept the Vessel as alternative security to the Rule 62(d) supersedeas bond requirement. Dkt. # 133. For the reasons set forth below, the Court shall GRANT Plaintiff's motion in its entirety.

## II.     DISCUSSION

A.     **Prejudgment Interest**

Plaintiff requests an award of prejudgment interest at a rate of 8% per annum. Defendants contend that Plaintiff is not entitled to prejudgment interest under admiralty law. Alternatively, Defendants request that the rate be set at the .12% statutory rate ordinarily applied to post-judgment interest. 28 U.S.C. § 1961; http://federalreserve.gov/releases/h15/current/.

Under the general maritime law, "prejudgment interest must be granted unless peculiar circumstances justify its denial." *Evich v. Morris*, 819 F.2d 256, 259 (9th Cir. 1987) (quoting *Vance v. American Hawaii Cruises, Inc.*, 789 F.2d 790, 795 (9th Cir. 1986)). The Court has broad discretion to set the rate of prejudgment interest to provide just restitution for the injured party. *Columbia Brick Works, Inc. v. Royal Ins. Co.*, 768 F.2d 1066, 1068 (9th Cir. 1985). This Court has found that "[i]n admiralty, an injured [party] is entitled to prejudgment interest not only on his fixed costs, but also on the amount awarded for pain and suffering, and any other intangible losses." *Moore v. The Sally J.*, 27 F. Supp. 2d 1255, 1262 (W.D. Wash. 1998). In addition, although the interest rate prescribed by 28 U.S.C. § 1961 for post-judgment interest (the "statutory rate") is usually applied, equitable considerations may demand a different rate. *Id.*

Here, Plaintiff's requested rate of 8% is justified. First, Defendants have failed to show that peculiar circumstances justify denial of an award of prejudgment interest. Second, the current statutory rate of .12% is extraordinarily low. Prejudgment interest is intended "to compensate the wronged party for being deprived of the monetary value of the loss from the time of the loss to the payment of judgment." *Vance*, 789 F.2d at 794. This is a case where a young woman lost her life, and the jury found in favor of Plaintiff and against Defendants. They awarded a substantial amount of compensatory damages. The negligible statutory rate does not

wholly compensate the decedent's family or estate for the time that lapsed between Lia Hawkin's death until the entry of judgment. Third, although 8% is certainly higher than the statutory rate, it is well lower than the applicable Washington statutory rate, which is set at 12%. R.C.W. 19.52. The Court may, in its discretion, apply the local rate if warranted by the equities in the case. *See Columbia Brick Works*, 768 F.2d at 1071 (recognizing that a court may choose the state rate at its discretion, but holding that the then higher federal rate of 12.801% applied); *see also The Sally J.*, 27 F. Supp. 2d at 1262 (setting rate at 12%). Accordingly, the Court finds Plaintiff's requested 8% rate, which is lower than the local Washington statutory rate, warranted here. The Court shall apply the 8% rate to the full judgment for a total award of prejudgment interest in the amount of $688,865.75.[1]

**B.    Defendants' Request for Alternative Security**

Federal Rule of Civil Procedure 62(a) provides that a district court's judgment becomes final and enforceable fourteen days after the court enters judgment. Fed. R. Civ. P. 62(a). The prevailing plaintiff may then execute the judgment. *Columbia Pics. Tel., Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1197 (9th Cir. 2001). Rule 62(d), however, permits the appellant, once an appeal is taken, to obtain a stay of execution by posting a supersedeas bond. Fed. R. Civ. P. 62(d). A party "must ordinarily move first in the district court for the following relief: (A) a stay of the judgment or order of the district court pending appeal; (B) approval of a supersedeas bond; or an order suspending, modifying, reinstating, or granting an injunction while an appeal is pending." Fed. R. App. P. 8(1).

---

[1] The math is as follows: $3,450,000.00 (principal judgment amount) times .08 (rate) divided by 365 (days per year) times 911 (number of days between Ms. Hawkins' death (Oct. 21, 2010) and the date of judgment (April 19, 2013)) equals $688,865.75.

ORDER AWARDING PREJUDGMENT AND POST-
JUDGMENT INTEREST, ENTERING JUDGMENT *IN REM*,
AND ORDERING FORECLOSURE SALE OF VESSEL - 4
No. C12-512 RSM

As an initial matter, Defendants' "request" to use the Vessel as alternative security to stay the execution of judgment is not a motion filed in accordance with the Local Civil Rules. In any event, the request fails on the merits. Defendants' request and supporting argument is reproduced from its brief in its entirety below.

> The Defendants do not seek to have the supersedeas bond requirement waived, but rather do request that the Court accept the Vessel as alternative security for the appeal. The Vessel should be utilized as alternative security because it is already in the custody of the Court and provides the Plaintiff with more than adequate security. As testified to at trial, G-Shipping has over $8,000,000.00 invested in the Sahara, more than double the judgment. Further, the Defendants would continue to make all of the required payments to keep the Vessel in the Court's custody. In fact, the Plaintiff's motion seeking to foreclose the Vessel to recoup the judgment is a tacit admission by the Plaintiff that the Vessel will in fact adequately secure the judgment.

Dkt. # 133, pp. 6-7.

While it is true that courts may approve the posting of alternative security, Defendants have failed to offer any reason why the Court should depart from the supersedeas bond requirement, assuming of course, that they properly moved for stay of execution in the first place. "[A] supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money." *In re Wymer*, 5 B.R. 802, 807 (9th Cir. 1980) (citation omitted). The judgment debtor has the burden "to objectively demonstrate the reasons for such departure." *Id.* Moreover, departure is not justified when the judgment debtor offers only its unsubstantiated word that the property has value. *See Skydive Arizona, Inc. v. Quattrocchi*, 2010 WL 2534200, at * 3 (D. Ariz. June 18, 2010). Here, Defendants have produced **no objective reason** warranting departure from the supersedeas bond requirement.

The Court also notes that Defendants have consistently, throughout motion practice and jury trial, paid little respect to the Court's orders. Notwithstanding Defendants' general pattern of

ORDER AWARDING PREJUDGMENT AND POST-
JUDGMENT INTEREST, ENTERING JUDGMENT *IN REM*,
AND ORDERING FORECLOSURE SALE OF VESSEL - 5
No. C12-512 RSM

misconstruing relevant law and mischaracterizing the evidence in this case, Defendants failed to timely answer the Verified Complaint (*see* Dkt. # 25), failed to timely comply with the Court's sanctions Order (*see* Dkt. # 78), and failed to even file a trial brief in violation of the Pretrial Order (Dkt. # 112). The final insult, however, arises from Defendants' claim that they "would continue to make all of the required payments to keep the Vessel in the Court's custody." Dkt. # 133, p. 7. Plaintiff filed a declaration by the Court-appointed substitute custodian, Jeff Osborn, which states that despite G Shipping's agreement to pay the ongoing monthly moorage costs while the Vessel was under arrest, "G Shipping has paid only $27,000 (six months) of the total $63,126.96 in moorage costs and corresponding late fees incurred through May 2013. *The remaining $36,126.96 in moorage costs have been advanced by my company (Dock Street Custodial), which then has had to invoice Plaintiff for reimbursement.*" Dkt. # 135, ¶ 4 (emphasis added). Thus, the Court is without confidence that Defendants have any intention of complying with the terms of the alternative security they seek. The request is accordingly denied and Plaintiff's motion shall be granted in its entirety.

## II.   CONCLUSION

Having duly considered the motion and supporting declaration, the response and reply thereto, and the balance of the files and records herein, the Court makes and enters the following order.

IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Award of Prejudgment and Post-Judgment Interest, Entry of Judgment *In Rem*, and Order of Sale is GRANTED.

2.      Plaintiff is entitled to prejudgment interest on her judgment herein under governing maritime law.  *See, e.g. Evich v. Connelly,* 819 F.2d 256, 259 (9th Cir. 1985).   In the exercise of its discretion under the maritime law, the Court concludes that 8.00% per annum is an appropriate prejudgment interest rate under the equities of this case and prior precedent in this district and the Ninth Circuit.  *See Vance v. American Hawaii Cruises, Inc.*, 789 F.2d 790 (9th Cir. 1986); *Columbia Brick Works, Inc. v. Royal Ins. Co.,* 768 F.2d 1066 (9th Cir.1985); *Mabrey v. Wizard Fisheries, Inc.*, C05-1499RSL, 2007 WL 2570303 (W.D. Wash. Aug. 30, 2007); *Montaperto v. Foss Mar. Co.*, No. C98-1594Z, 2000 WL 33389209 (W.D. Wash. Oct. 17, 2000); *Moore v. The Sally J.*, 27 F. Supp. 2d 1255 (W.D. Wash. 1998); *Elms v. Crowley Marine Servs.*, No. C95-363Z, 1996 WL 881928 (Sept. 16, 1996); *Prosser v. F/V CRYSTAL VIKING,* No. C89-850Z, 1993 WL 668292 (W.D. Wash. May 13, 1993).  Plaintiff is therefore awarded prejudgment interest on her $3,450,000 judgment herein at the rate of 8.00% per annum, calculated from the date of Lia Hawkins' death on October 21, 2010 through the April 19, 2013 judgment entered herein, which prejudgment interest amount totals $688,865.75.

3.      Plaintiff is awarded post-judgment interest on the $3,450,000 principal amount of her judgment herein at the post-judgment interest rate of 0.12% pursuant to 28 U.S.C. § 1961(a).

4.      Plaintiff is awarded judgment *in rem* against the M/V SAHARA, IMO No. 6600826, its engines, tackle, rigging, equipment and other appurtenances (the "Vessel") for the $3,450,000 principal amount of its judgment herein, plus $688,865.75 in prejudgment interest as awarded in Paragraph 2 above, plus post-judgment interest as may accrue on the principal amount of the judgment in accordance with Paragraph 3 above.

5. Plaintiff's judgment *in rem* represents a preferred maritime tort lien against the Vessel superior in rank and priority to all other liens, claims and encumbrances against the Vessel whatsoever, with the exception of *custodia legis* expenses.

6. Plaintiff's preferred maritime tort lien against the Vessel shall be foreclosed, and the Vessel condemned and sold by the U.S. Marshal, with the proceeds of the sale to be applied first to pay or reimburse expenses of *custodia legis* and then to pay Plaintiff's judgment *in rem*.

7. The sale of the Vessel shall be scheduled on a date mutually acceptable to Plaintiff and the U.S. Marshal and shall be conducted in accordance with LAR 145. Notice of the sale shall be published in accordance with LAR 145 and 150. At its discretion, Plaintiff shall be entitled to instruct the U.S. Marshal what, if any, minimum bid amount to require as a condition of the sale, in an amount not to exceed Plaintiff's judgment *in rem*.

8. As holder of the senior maritime lien against the Vessel, Plaintiff shall be entitled to bid all or any portion of its judgment *in rem* as a credit bid in lieu of cash at the sale.

9. If the Vessel is sold to a purchaser for cash, the cash proceeds of the sale shall be deposited into the Registry of the Court pending confirmation of the sale and a subsequent disbursement order from the Court. All liens upon the Vessel shall attach to the proceeds of the sale of the Vessel with the same priorities such liens enjoyed against the Vessel.

10. The Clerk of the Court is directed to enter a supplemental judgment herein in accordance with the terms of this Order.

DATED this 12th day of June 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT

ORDER AWARDING PREJUDGMENT AND POST-
JUDGMENT INTEREST, ENTERING JUDGMENT *IN REM*,
AND ORDERING FORECLOSURE SALE OF VESSEL - 8
No. C12-512 RSM